The Honorable Clyde D. Graeber State Representative, Forty-First District 2400 Kingman Leavenworth, Kansas 66048-4230
Dear Representative Graeber:
You request our opinion regarding the authority of county appraisers to change the valuations of real property without making a physical inspection of the property. While acknowledging the provisions allowing use of the computer assisted mass appraisal system, you cite K.S.A. 1995 Supp. 79-501 as establishing the statutory requirement for such inspections.
K.S.A. 1995 Supp. 79-501 provides:
 "Each parcel of real property shall be appraised at its fair market value in money, the value thereof to be determined by the appraiser from actual view and inspection of the property. . . ."
Nevertheless, as you note, K.S.A. 1995 Supp. 79-411 allows the appraiser to determine fair market value from actual view and inspection or from statistical methods prescribed by the director of property valuation and from such other sources of information available to the appraiser. K.S.A. 1995 Supp. 79-503a provides that the appraisal process utilized in the valuation of real property "shall conform to generally accepted appraisal procedures which are adaptable to mass appraisal" unless otherwise specified by law. K.S.A. 1995 Supp. 79-504 also references the use of the computer assisted mass appraisal system in conducting an appraisal. You have not referred to K.S.A. 1995 Supp. 79-1460 and 79-1476, but these two statutes are pertinent as well to determining the requirement for a physical inspection each time a parcel of property is appraised. K.S.A. 1995 Supp. 79-1460 currently provides that, beginning with tax year 1995, the valuation for any real property shall not be increased unless "[t]he record of the latest physical inspection wasreviewed by the county or district appraiser, and documentation exists to support such increase in valuation. . . ." Emphasis added. This statute was last amended in 1994. Prior to that time it required a specific review, "including an individual physical inspection of such property" before its valuation could be increased. L. 1994, ch. 275, § 1. Thus, this statute was specifically amended to remove the requirement for a physical inspection each time the valuation for a parcel of real property is increased. K.S.A. 1995 Supp. 79-1476 provides in part as follows:
 "[T]he county appraiser shall have the duty of reappraising all of the real property in the county pursuant to guidelines and timetables prescribed by the director of property valuation and of updating the same on an annual basis . . . Commencing in 1994, every parcel of real property shall be actually viewed and inspected by the county or district appraiser once every four years. Any county or district appraiser shall be deemed to be in compliance with the foregoing requirement in any year if 25% or more of the parcels in such county or district are actually viewed and inspected." (Emphasis added.)
Thus, while the appraiser must update valuations annually, the appraiser is only required to physically inspect the property once every four years.
K.S.A. 1995 Supp. 79-411, 79-503a, 79-504, 79-1460 and 79-1476 have all been amended subsequent to the latest amendment to K.S.A. 1995 Supp.79-501, which was in 1989. It is our opinion that despite the language of K.S.A. 1995 Supp. 79-501, the legislature clearly has eliminated any requirement for the county or district appraiser to physically inspect every parcel of real property every time such property is subject to a change in valuation.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm